UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH F. DEAN, LOLA A. DEAN, and THE ESTATE OF WILLIAM FARRELL DEAN,<br><br>Defendants. | CASE NO. 2:24-cv-321<br><br>ORDER TO SHOW CAUSE |

Before the Court is Plaintiff American General Life Insurance Company's ("American General") motion for interpleader deposit under 28 U.S.C. § 1335. Dkt. No. 8. Because the Court questions whether an active dispute remains, it ORDERS American General to show cause in writing why the Court should not dismiss this action for lack of subject matter jurisdiction and why interpleader relief is appropriate under the circumstances.

### 1. BACKGROUND

This matter involves a dispute over the payment of life insurance proceeds. American General is responsible for administering William Farrell Dean's $10,000 life insurance policy, first issued by the Mercantile Security Life Insurance

ORDER - 1

Company in 1969. Dkt. No. 1 ¶¶ 9-10. William[1] initially designated Lola A. Dean, his spouse at the time, as the sole beneficiary. *Id.* ¶ 8. In 1988, William and Lola divorced, and William married Elizabeth F. Dean. *Id.* ¶¶ 11-12. William submitted a change of beneficiary form to American General in 2003, altering the designation to read: "[t]o my wife, Elizabeth Ford Dean, if she survives me, but if she does not survive me, or if she disclaims a portion or all of such benefits, then all of the benefits, or the portion so disclaimed, as the case may be, shall be paid to my Estate." *Id.* ¶ 13. In response, American General mailed a letter explaining it could not process the update until William designated a primary and contingent beneficiary. *Id.* ¶ 15. William did not reply. *Id.* ¶ 16.

William passed away on October 16, 2022. *Id.* ¶ 17. Both Lola and Elizabeth asserted claims to the life insurance death benefit, leading American General to file a complaint for interpleader relief on March 24, 2024. *Id.* ¶¶ 19, 21 On April 19, 2024, however, Elizabeth submitted a letter to the Court, stating that she is "withdrawing [her] claim." Dkt. No. 6. About a month later, Elizabeth filed a second letter stating that William's Last Will and Testament names her as the Personal Representative of his estate and she "withdraw[s] any claim of the estate to this [life insurance] benefit." Dkt. No. 7.

On July 8, 2024, American General moved for an order from the Court to deposit into the Court registry "the sum of $10,000, plus accrued interest." Dkt. No. 8 at 1. American General claims it "is unable to determine to whom the Sum should

---

[1] Because the parties have the same last name, the Court refers to them by their first names for clarity. The Court intends no disrespect.

ORDER - 2

be paid" but also acknowledges that "[t]he issue likely is now resolved" given Elizabeth's letters to the Court. *Id.* at 1, 4.

## 2. DISCUSSION

**2.1   Statutory interpleader.**

A party may file a claim for interpleader "if there is a possibility of exposure to double or multiple liability" under either Rule 22 or the interpleader statute. *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (citing Fed. R. Civ. P. 22(a)(2); 28 U.S.C. § 1335). "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id.* (cleaned up). American General seeks relief under the interpleader statute.

Relevant here, jurisdiction under 28 U.S.C. § 1335 requires that the interpleader-plaintiff issued a policy of insurance of $500 or more and "[t]wo or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled" to the benefits arising from the policy. Further, the interpleader-plaintiff must deposit the funds "under such obligation into the registry of the court[.]" Fed. R. Civ. P. 28 U.S.C. § 1335(a)(1)-(2); *see also* § 1716 Practice in Interpleader Actions—Requirement of Deposit in Court or Posting of Bond, 7 Fed. Prac. & Proc. Civ. § 1716 (3d ed.) ("The language of the interpleader act indicates that it is a condition on jurisdiction under the statute that the stakeholder deposit with the registry of the court the money or property that is the subject of the multiple claims . . . .").

"An interpleader action proceeds in two stages." *Deutsch v. Schoelkopf*, No. 3:16-CV-05561-RBL, 2016 WL 7231402, at *2 (W.D. Wash. Dec. 14, 2016). First, the

ORDER - 3

district court must decide whether the interpleader-plaintiff meets the requirements "by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee*, 688 F.3d at 1009 (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). If this threshold is met, the district court then determines the rights of the claimants to the policy. *See id.* "'Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be dismissed, and courts may issue injunctions to protect stakeholders from duplicative litigation from the adverse parties.'" *Minnesota Life Ins. Co. v. Perkins*, No. C19-1890JLR, 2020 WL 4689316, at *3 (W.D. Wash. June 24, 2020) (quoting *N.Y. Life Ins. Co. v. Bostwick*, No. 3:14-cv-05931-RJB, 2015 WL 4484305, at *2 (W.D. Wash. July 22, 2015)).

## 2.2 The Court questions its jurisdiction given Elizabeth Dean's letters disavowing her and the Estate's claims.

After American General filed its Complaint but before it moved to deposit funds into the Court registry, Elizabeth withdrew her and the estate's claims to William's death benefit. As a result, there appears to no longer be a threat of exposure to double or multiple liability. Because the matter is still within the early stages, the Court questions whether jurisdiction was established before all adverse claims were withdrawn. *See Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 508 n.4 (9th Cir. 1978) (quoting 3A J. Moore & J. Lucas, Moore's Federal Practice P 22.08(1) (2d ed. 1978) ("If one of two parties defendant has withdrawn his claim, . . . interpleader relief is not warranted.")). In *Deutsch v. Schoelkopf*, the district court remarked that although once interpleader jurisdiction "has been

*properly established* it will continue even if the original claimants are no longer adverse," such is not the case where "no adverse claims are present at the outset." No. 3:16-CV-05561-RBL, 2016 WL 7231402, at *3 (W.D. Wash. Dec. 14, 2016) (emphasis in original).

Given the change in circumstance since American General initially filed its Complaint, the Court directs American General to file supplemental briefing addressing jurisdiction and whether interpleader relief is appropriate.

### 3. CONCLUSION

Accordingly, the Court reserves ruling on American General's motion for interpleader deposit, Dkt. No. 8, and ORDERS American General to show cause in writing why the Court has jurisdiction over this matter and interpleader relief is appropriate. American General must submit a supplemental brief, not exceeding three pages, by no later than 14 days from this Order. The Clerk of the Court is directed to place this Order to Show Cause on the Court's calendar for 14 days from the date of this Order.

Dated this 4th day of September, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 5