UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH F. DEAN, LOLA A. DEAN, and THE ESTATE OF WILLIAM FARRELL DEAN,<br><br>Defendants. | CASE NO. 2:24-cv-321<br><br>ORDER |

## 1. INTRODUCTION

Before the Court is Plaintiff American General Life Insurance Company's ("American General") motion for interpleader deposit under 28 U.S.C. § 1335. Dkt. No. 8. Having reviewed the motion, American General's response to the Court's show cause order, and the remaining record, the Court GRANTS American General's motion for interpleader.

## 2. BACKGROUND

This matter involves a dispute over the payment of life insurance proceeds. American General is responsible for administering William Farrell Dean's $10,000

ORDER - 1

life insurance policy, first issued by the Mercantile Security Life Insurance Company in 1969. Dkt. No. 1 ¶¶ 9–10. William[1] initially designated Lola A. Dean, his spouse at the time, as the sole beneficiary. *Id.* ¶ 8. In 1988, William and Lola divorced, and William married Elizabeth F. Dean. *Id.* ¶¶ 11–12. William tried to change the policy's beneficiary from Lola to Elizabeth but because of a deficiency with William's paperwork American General could not process the update. *Id.* ¶¶ 13–15.

William passed away on October 16, 2022. *Id.* ¶ 17. Both Lola and Elizabeth asserted claims to his life insurance death benefit, leading American General to file a complaint for interpleader relief on March 24, 2024. *Id.* ¶¶ 19, 22. On April 19, 2024, Elizabeth submitted a letter to the Court, stating that she "withdr[ew] [her] claim." Dkt. No. 6 at 1. On May 13, 2024, Elizabeth filed a second letter stating that William's Last Will and Testament named her as the Personal Representative of his estate and she "with[drew] any claim of the estate to this [life insurance] benefit." Dkt. No. 7 at 1. On July 8, 2024, American General moved to deposit funds into the Court registry, claiming it can't determine to whom the life insurance benefit should be paid but acknowledging that "[t]he issue likely is now resolved" given Elizabeth's letters to the Court. Dkt. No. 8 at 3–4.

The Court issued an order to show cause, questioning whether the threat of double or multiple liability stilled existed, and directing American General to file supplemental briefing addressing jurisdiction and whether interpleader relief is

---

[1] Because the parties have the same last name, the Court refers to them by their first names for clarity. The Court intends no disrespect.

ORDER - 2

appropriate. Dkt. No. 10 at 5. American General responded, arguing that interpleader relief remains appropriate because it would suffer prejuidce if it does not obtain a resolution of the dispute and a release from further liability. Dkt. No. 12 at 3–4.

### 3.   DISCUSSION

#### 3.1   The Court retains jurisdiction over this matter despite Defendant Elizabeth Dean withdrawing her claim.

A party may file a claim for interpleader "if there is a possibility of exposure to double or multiple liability" under either Rule 22 or the interpleader statute. *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (citing Fed. R. Civ. P. 22(a)(2); 28 U.S.C. § 1335). "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id.* (cleaned up). American General seeks relief under the interpleader statute.

With statutory interpleader under 28 U.S.C. § 1335, jurisdiction is based on the diversity of citizenship between two or more adverse claimants and the amount in controversy exceeds $500. The court's jurisdiction under the interpleader statute extends to actual and potential claims. *Id.*; *see Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir.1999) ("The court's jurisdiction under the interpleader statute extends to potential, as well as actual, claims.").

American General argues that because Elizabeth and Lola made adverse claims against William's life insurance benefit at the start of this case on a $10,000 policy, jurisdiction remains despite Elizabeth's withdrawal. Dkt. No. 12 at 2. The Court agrees—the Supreme Court has "consistently held that if jurisdiction exists

ORDER - 3

at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, (1991). Because American General established the Court's jurisdiction at the outset, the Court still retains jurisdiction now.

### 3.2   The Court GRANTS American General's motion to deposit interpleader funds.

The question remains, however, whether interpleader relief remains appropriate under the circumstances even if the Court has jurisdiction. Under Ninth Circuit case law, interpleader remains appropriate even when a claimant has withdrawn their claim to the policy funds as long as there are potential claims that could expose the stakeholder to multiple liabilities. *See Minnesota Mut.,* 174 F.3d at 980. This is to protect stakeholder from the problems posed by multiple claimants to a single fund, which includes potential claims, not just actual claims. *Id.*; *see United Invs. Life Ins. Co. v. Grant*, 387 F. App'x 683, 686 (9th Cir. 2010) ("Rule 22 applies to situations that '*may* expose a plaintiff to double or multiple liability.'" (emphasis in original)). Thus, the rule turns on the prospect of a claim, not whether a claim is actually presented.

When, as is the case here, a claimant asserts a claim only to disclaim it later, the prospect of a claim does not disappear or invalidate an interpleader action; rather such disclaimer of any rights to proceeds expedites the conclusion of an interpleader action by removing the second stage of determining the proper beneficiary. *Nat'l Life Ins. Co. v. Alembik-Eisner*, 582 F. Supp. 2d 1362, 1368 (N.D. Ga. 2008) (claimant's disclaimer of rights to proceeds did not "'make the

interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage' of the action to determine who should receive the benefits of the policy.") (quoting *New York Life Ins. Co. v. Connecticut Development Auth.*, 700 F.2d 91, 95 (2d Cir. 1983)).

Here, Elizabeth withdrew her claim, but that does not nullify or render moot the interpleader proceeding itself because the prosect for a claim exists until it is extinguished by a judgment or court ruling. *See Metro. Prop. & Cas. Ins. Co. v. Shan Trac, Inc.*, 324 F.3d 20, 23 (1st Cir. 2003) ("Until the district court judgment, this certainly was a case in which adverse claims exceeding the value of the policy could have been brought by these very claimants [despite their agreement to split the proceeds].").

Thus, the Court GRANTS American General's motion for interpleader. Within 30 days of the date of this Order, American General must issue to the Clerk of this Court a check equal to the amount of the life insurance benefit, plus applicable interest, if any, as calculated on the date of distribution. The Clerk is directed to deposit funds into the Registry of the Court in the principal amount of $10,000, plus accrued interest.

The funds are to be deposited into the Court Registry Investment System (CRIS) as Disputed Ownership Funds (DOF) interpleader funds under 28 U.S.C. § 1335, until such time as the Court orders disbursement and distribution of these funds.

ORDER - 5

Dated this 11th day of March, 2025.

*[signature]*

Jamal N. Whitehead
United States District Judge

ORDER - 6